IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

| | |
|---|---|
| BERNETHIA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JO ANN B. BARNHART, | ) |
| Commissioner, | ) |
| | ) |
| SOCIAL SECURITY | ) |
| ADMINISTRATION, | ) |
| | ) |
| Defendants. | ) |

2006 MAY -2  P 4: 35

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

CASE NO. 2:06cv 397. CSC

JURY DEMAND

## COMPLAINT

**COMES NOW** Bernethia Johnson, and for her complaint against Defendants and their agents and representatives (Defendants) hereby complains as set forth herein below.

## JURISDICTION

1.  This Court has jurisdiction over the litigation herein pursuant to 28 U.S.C. § 1331 and 1343, 42 U.S.C. Section 2000e, Retaliation, Hostile Work Environment.

2.  Plaintiff has fulfilled all conditions precedent to the institution of this action.

## VENUE

3.  Defendants are located and/or doing business within this judicial district (Middle District and the Northern Division of Alabama). This

1

action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 42 U.S.C. Section 2000(e)-5(f) (3), 28 U.S.C. Section 1391(b) and Retaliation.

## PARTIES

4.    Plaintiff Bernethia Johnson, hereinafter referred to as "Plaintiff," is an African-American female resident of the United States, residing in Montgomery County, Alabama.  Plaintiff is a resident of this judicial district, and has been employed by Defendants at all times material hereto.  Plaintiff is a member of the protected class for race within the meaning of Title VII.  Plaintiff is also an employee of Defendants within the meaning of Title VII.

5.    Defendant  Jo  Ann  Barnhart,  hereinafter  referred  to  as "Commissioner" is the Commissioner for the Social Security Administration.

6.    Defendant, Social Security Administration, hereinafter referred to as "Agency/Management" is a federal agency and is authorized to do business in the State of Alabama, and employs at least fifteen (15) persons and otherwise meets the jurisdictional prerequisites of Title VII.

2

## **FACTUAL BACKGROUND**

7.    Plaintiff first began working for Defendants on or about September 26, 1993, in the Hearings and Appeals (OHA) division in Montgomery, Alabama as a Hearing's Office Clerk.

8.    On or about August 28, 1997, the Agency posted vacancy announcement SSA-167-97.

9.    On or about September 17 1997, five temporary vacancies in the position of Legal Assistant, GS 986-6/7/8 OHA became available.

10.   On or about September 11, 1997, Plaintiff applied for the positions. Plaintiff made the well qualified list for one of the five positions advertised as a GS 6/7/8 Legal Assistant. However, on or about October 25, 1997, five white females were selected.

11.   On or about October 28, 1997, Plaintiff initiated her first EEO action against Agency for racial discrimination and non-selection.

12.   On or about June 17, 1999, the EEO hearing was held on Plaintiff's charge.

13.   On or about August 18, 1999, Plaintiff received a favorable decision. Plaintiff was awarded the position of Legal Assistant, GS-8 with a retroactive date of October 25, 1998.

14.   On or about January 16, 2003, two Paralegal Specialist positions were announced - Vacancy Announcement -OHA 32-03.

15.   On or about January 29, 2003, management required medical

3

summaries on remands and cessation cases with specific

instruction. According to the instruction, Plaintiff performed many

summaries, while Ms. Simmons performed only one.

16.   On or about April 21, 2003, Plaintiff's name was placed on the

referral list.

17.   On or about May 13, 2003, Ms. Simmons, was selected.

Management did not fill the other position.

18.   On or about May 14, 2003, Plaintiff initiated her second EEOC

action for non-selection.

19.   Plaintiff was one of approximately thirteen (13) legal assistants in

her office. In Plaintiff's twenty-nine (29) years of employment with

the agency, she was never disciplined until she participated in

protected EEO activities.

20.   On or about February 27, 2004, Paul Johnson (Mr. Johnson) came

to Plaintiff's desk and informed her that she was to work the front

desk for the next month.

21.   Plaintiff was assigned front desk duties during the month of March.

Legal assistants who are assigned to front desk duties for a specific

month are allowed to work at home two days, the month after their

assignment to the front desk.

22.   On or about April 12, 2004, Plaintiff made a request to Mr. Johnson,

former supervisor, to work at home on Tuesday and Wednesday

due to front desk assignment in March, but the request was denied.

4

Plaintiff was called into Mr. Reams' office to discuss the matter. Plaintiff mentioned to Mr. Reams that since she was not allowed to work at home on that Tuesday that she would like to work at home the following Wednesday and Thursday. Mr. Reams stated that Plaintiff's request was out of the question. Only after great debate and contacting Labor Management Relations was Plaintiff reluctantly allowed to work at home. Yet, Ms. Simmons was not faced with the same or a similar ordeal when attempting to schedule her at-home work days after she had front desk duties. Plaintiff is left to believe that she was being punished and harassed and subjected to a hostile work environment due to her race and the fact that she had filed EEO complaints.

23. On or about April 19, 2004, Plaintiff asked Ms. Cynthia Lamar for work-up cases to work on while she was working at home. At that time, Mr. Johnson was in Ms. Lamar's office and informed Plaintiff that she was to get her cases on Fridays. Ms. Lamar was the work-up supervisor for issuing work-up cases and she had told Plaintiff the prior week that Plaintiff did not need to wait until Fridays to get cases. In response to Mr. Johnson stating that Plaintiff was to get cases only on Friday, Plaintiff said, as usual, "No problem" and exited the room. The action taken by Mr. Johnson was just another act of harassment, retaliation and the creation of a hostile work environment due to Plaintiff's EEO activity and her race. Ironically,

5

management allowed other employees to get cases before Fridays.

24.   Later, Mr. Johnson came to Plaintiff's desk and summoned her to
      Ms. Lamar's office.  While walking to Ms. Lamar's office, Plaintiff
      informed Ms. Simmons that management was rather upset and
      Plaintiff indicated that she would not be speaking in the meeting.

25.   On or about April 20, 2004, Plaintiff informed Mr. Reams of Mr.
      Johnson's disposition, and requested that Mr. Johnson be required
      to control his emotional behavior.  On April 21, 2004, Plaintiff
      reported to Mr. Reams that Mr. Johnson's attitude toward Plaintiff
      was getting worse.

26.   On or about April 29, 2004, Plaintiff was issued an oral reprimand,
      because according to management, Mr. Reams felt that Plaintiff
      was insubordinate to Mr. Johnson.  Mr. Johnson stated that Plaintiff
      failed to answer questions asked by Plaintiff's supervisor in the
      April 19, 2004, meeting.  Plaintiff did in fact answer Mr. Johnson's
      questions through Ms. Simmons, who also was the acting
      representative at that time.  Ms. Simmons was the acting
      representative.  Ms. Simmons also had a close relationship with Mr.
      Johnson.  Mr. Reams and Ms. Lamar represented management
      and Mr. Carl Warren represented Plaintiff via telephone.  After the
      meeting was adjourned and Mr. Warren was no longer on the
      telephone, Mr. Reams requested that Plaintiff stay in the hearing
      room.  Plaintiff immediately requested representation.  Mr. Reams

6

failed to act on Plaintiff's request until Plaintiff asked to be excused to go to the restroom. When Plaintiff returned to the meeting, Plaintiff requested that Mr. Reams and Ms. Lamar sign a handwritten request stating that they refused her representation. Defendants were continuing their harassment, retaliation and the continuation of a hostile work environment toward Plaintiff due to Plaintiff's involvement in protected activity.

27.    On or about May 27, 2004, Plaintiff was again reprimanded. Plaintiff was issued a written reprimand from Mr. Reams; Mr. Reams presented no evidence of what was being discussed. Mr. Reams accused Plaintiff of cheating on her work. It was clear that Mr. Reams had no basis for this reprimand. Once again, Plaintiff was harassed and retaliated against due to her race and the EEO activity that she participated in.

28.    On or about July 30, 2004, Plaintiff filed her formal complaint of discrimination and retaliation.

29.    This discrimination, harassment and retaliation taken against Plaintiff were based on her race (black) and for participating in protected activities. Plaintiff was subjected to a continuing hostile work environment.

7

## COUNT ONE

## RACE DISCRIMINATION – TITLE VII

30.     Plaintiff adopts, realleges and incorporates by reference paragraphs one through twenty-nine above, the same as if more fully set herein, and further alleges anew.

31.     In taking the above described actions, Defendants intentionally discriminated against Plaintiff on the basis of her race when they due to prior participation in protected activity and her race, black. Plaintiff describes the acts of harassment as denial of the right to work at home during April 2004, receipt of a reprimand on April 29, 2004 and a written reprimand on May 27, 2004. As a proximate consequence of the violations of Title VII based on race by Defendants, Plaintiff has suffered and will continue to suffer damage to her professional life and current and future career opportunities.    Further, Plaintiff has suffered future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life and non-pecuniary damages.

## COUNT TWO

## RETALIATION

32.     Plaintiff adopts, realleges and incorporates by reference paragraphs one through thirty-one, the same as if more fully set herein, and further alleges anew.

33.    In taking the above described actions, Defendants retaliated
       against Plaintiff, because Plaintiff filed two EEO complaints against
       Defendants, in particular, Defendants retaliated against Plaintiff in
       denying her the right to work at home during April 2004, receiving
       an oral reprimand on April 29, 2004 and receiving a written
       reprimand on May 27, 2004.

34.    As a direct result of the ongoing retaliation against Plaintiff,
       Plaintiff's constitutional rights have been abridged.

35.    As a proximate cause of the Defendants' actions, Plaintiff has been
       injured and damaged, as set forth in paragraphs above.  Plaintiff
       suffered loss of time toward her tenure, wages, loss of health
       insurance, embarrassment, benefits and considerable mental and
       emotional anguish.

## COUNT THREE

## HOSTILE WORK ENVIRONMENT

36.    Plaintiff adopts, realleges and incorporates by reference
       paragraphs one through thirty-five, the same as if more fully set
       herein, and further alleges anew.

37.    In taking the above described actions, Defendants created a hostile
       work environment beginning as early as the filing of her initial EEO
       complaint in 1997 to present.

38.    As a direct result of the ongoing hostile work environment, Plaintiff's
       constitutional rights have been abridged.

9

39.   As a proximate cause of the Defendants' actions, Plaintiff has been injured and damaged, as set forth in paragraphs above. Plaintiff suffered loss of time toward her tenure, wages, loss of health insurance, embarrassment, benefits and considerable mental and emotional anguish.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Honorable Court grant the following:

(a)   Assume jurisdiction over this action;

(b)   A judgment declaring that Defendants violated 28 U.S.C. Sec. 1331, 42 U.S.C. Sec. 2000(e), et seq. and Retaliation;

(d)   All backpay and fringe benefits as a result of the discrimination and retaliation, with interest;

(e)   Attorney's fees;

(f)   Costs;

(g)   Prejudgment interest;

(h)   An award of such compensatory damages for any loss of wages, and loss of benefits, including, but not limited to, retirement pension benefits, mental anguish, emotional distress, and embarrassment, both past, present and future to which Plaintiff may be entitled; and such further, other and different legal or equitable relief as the Court may deem appropriate or which she may be entitled, and

10

(i)     Punitive damages.

## Jury Demand

Plaintiff demands trial by jury on each and every cause of action.


Respectfully submitted,


_____
Juraldine Battle-Hodge (BAT033)


**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO
TRIABLE.**


_____
**OF COUNSEL**


**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

11