IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BERNETHIA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:06-CV-397-CSC |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendants Jo Anne B. Barnhart, in her official capacity as Commissioner of Social Security, and the Social Security Commission, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and answer Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims and damages are barred because she has failed to fully exhaust her administrative remedies.

## THIRD DEFENSE

To the extent Plaintiff alleges conduct or claims not properly addressed in her administrative complaints, such claims are barred.

## FOURTH DEFENSE

Defendants deny the allegations of discrimination and retaliation in Plaintiff's Complaint and demands strict proof of all matters contained therein.

## FIFTH DEFENSE

Any actions taken with respect to Plaintiff, or her employment, were taken for legitimate, non-discriminatory reasons, in good faith, and did not violate any legal rights possessed by her.

## SIXTH DEFENSE

Defendants exercise reasonable care to prevent and promptly correct unlawful harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided or to otherwise avoid harm.

## SEVENTH DEFENSE

Some, or all, of Plaintiff's claims may be barred by the doctrines of accord and satisfaction, after-acquired evidence, estoppel, justification, laches, unclean hands, and/or waiver.

## EIGHTH DEFENSE

Plaintiff has failed to mitigate her damages, her entitlement to which is expressly denied.

## NINTH DEFENSE

Defendant Social Security Administration is not a proper defendant in a Title VII lawsuit.

## TENTH DEFENSE

Defendants reserve the right to assert further affirmative defenses, as they become evident through discovery or investigation.

## ELEVENTH DEFENSE

NOW, having set forth certain of their defenses herein, Defendants respond to the numbered paragraphs of Plaintiff's Complaint as follows:

### JURISDICTION

1.

Answering Paragraph 1 of the Complaint, Defendants aver that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. ("Title VII").  Answering further, Defendants aver that the Court has subject matter jurisdiction over Title VII cases pursuant to 28 U.S.C. § 1331.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 1 of the Complaint.

2.

Answering Paragraph 2 of the Complaint, Defendants state that whether Plaintiff has fulfilled all conditions precedent by exhausting her mandatory administrative remedies is a legal issue not properly subject to admission or denial in an Answer.

### VENUE

3.

Answering Paragraph 3 of the Complaint, Defendants admit that the Social Security Administration's Office of Hearings and Appeals (now known as the Office of Disability Adjudication and Review ("ODAR")) is located within this judicial district and that venue is proper in this district and division.  Answering further, Defendants expressly deny that Defendants

engaged in any unlawful employment practices or any other unlawful conduct. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 3 of the Complaint.

### PARTIES

4.

Answering Paragraph 4 of the Complaint, Defendants admit that Plaintiff is an African-American female resident of the United States and that she is employed by Defendants. Answering further, Defendants are without sufficient information or knowledge to admit or deny whether Plaintiff resides in Montgomery County, Alabama, in this judicial district. Answering further, Defendants aver that whether Plaintiff is a member of a protected class for purposes of Title VII, and whether she was an employee for purposes of Title VII, are legal conclusions, and not factual assertions, to which no response is required. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 4 of the Complaint.

5.

Defendants admit Plaintiff's allegations in Paragraph 5 of the Complaint.

6.

Answering Paragraph 6 of the Complaint, Defendants admit that the Social Security Administration is a federal agency that employs more than 15 persons within the State of Alabama. Answering further, Defendants aver that Defendant Social Security Administration is not a proper defendant in a Title VII action. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 6 of the Complaint.

## FACTUAL BACKGROUND

7.

Defendants admit Plaintiff's allegations in Paragraph 7 of the Complaint.

8.

Defendants admit Plaintiff's allegations in paragraph 8 of the Complaint.

9.

Defendants admit Plaintiff's allegations in paragraph 9 of the Complaint.

10.

Answering Paragraph 10 of the Complaint, Defendants admit that Plaintiff applied for the positions on or about September 11, 1997, that she was one of the individuals who made the well qualified list for one of the positions advertised as a GS-6/7/8 position, and that on or about October 25, 2997, the positions were filled by individuals who were white and female. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 10 of the Complaint.

11.

Answering Paragraph 11 of the Complaint, Defendants admit that Plaintiff filed an Equal Employment Opportunity complaint against the Social Security Administration for alleged discrimination in regards to her non-selection to a Legal Assistant position. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 11 of the Complaint.

12.

Defendants admit Plaintiff's allegations in Paragraph 12 of the Complaint.

13.

Answering Paragraph 13 of the Complaint, Defendants admit that Plaintiff received a favorable decision in regards to her EEO complaint concerning the Legal Assistant job. Answering further, Defendants aver that, at the time of that decision, Plaintiff was already in the position of Legal Assistant having been selected for that position in a subsequent announcement. Answering further, Defendants aver that the favorable decision in Plaintiff's EEO complaint merely changed the date of her selection back to October 1998 for back pay and benefits purposes. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 13 of the Complaint.

14.

Defendants admit Plaintiff's allegations in Paragraph 14 of the Complaint.

15.

Defendants deny Plaintiff's allegations in Paragraph 15 of the Complaint.

16.

Defendants admit Plaintiff's allegations in Paragraph 16 of the Complaint.

17.

Defendants admit the allegations in Paragraph 17 of the Complaint.

18.

Defendants admit the allegations in Paragraph 18 of the Complaint.

19.

Answering Paragraph 19 of the Complaint, Defendants admit that Plaintiff was one of approximately 13 legal assistants in the office where she worked in 2004. Answering further, Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in this Paragraph. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 19 of the Complaint.

20.

Answering Paragraph 20 of the Complaint, Defendants admit that in February 2004, Plaintiff was asked to work the front desk for the next month. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 20 of the Complaint.

21.

Defendants admit the allegations in Paragraph 21 of the Complaint.

22.

Defendants deny the allegations in Paragraph 22 of the Complaint.

23.

Defendants deny the allegations in Paragraph 23 of the Complaint.

24.

Answering Paragraph 24 of the Complaint, Defendants admit that a meeting took place in Ms. Lamar's office. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 24 of the Complaint.

25.

Answering Paragraph 25 of the Complaint, Defendants aver that Plaintiff complained about Mr. Johnson on or about April 20, 2004. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 25 of the Complaint.

26.

Answering Paragraph 26 of the Complaint, Defendants aver that Plaintiff failed to answer questions asked by Mr. Johnson in the April 19, 2004 meeting. Answering further, Defendants aver that Plaintiff was given an oral reprimand on or about April 30, 2004, relating to her failure to answer questions asked by Mr. Johnson in the April 19, 2004 meeting. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 26 of the Complaint.

27.

Answering Paragraph 27 of the Complaint, Defendants admit that Plaintiff was issued a written reprimand on or about May 27, 2004, for falsely reporting and taking credit for work as being completed when in actuality the work was incomplete. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 27 of the Complaint.

28.

Answering Paragraph 28 of the Complaint, Defendants admit that on or about July 30, 2004, Plaintiff filed a formal complaint alleging discrimination and retaliation. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 28 of the Complaint.

29.

Defendants deny the allegations in Paragraph 29 of the Complaint.

## COUNT ONE

## RACE DISCRIMINATION – TITLE VII

30.

Answering Paragraph 30 of the Complaint, Defendants reallege and reassert their responses to Plaintiff's Complaint contained in Paragraphs 1 through 29 above as if fully set forth verbatim herein.

31.

Defendants deny the allegations in Paragraph 31 of the Complaint.

## COUNT TWO

## RETALIATION

32.

Answering Paragraph 32 of the Complaint, Defendants reallege and reassert their responses to Plaintiff's Complaint contained in Paragraphs 1 through 31 above as if fully set forth verbatim herein.

33.

Defendants deny the allegations in Paragraph 33 of the Complaint.

34.

Defendants deny the allegations in Paragraph 34 of the Complaint.

35.

Defendants deny the allegations in Paragraph 35 of the Complaint.

## COUNT TWO

## HOSTILE WORK ENVIRONMENT

36.

Answering Paragraph 36 of the Complaint, Defendants reallege and reassert their responses to Plaintiff's Complaint contained in Paragraphs 1 through 35 above as if fully set forth verbatim herein.

37.

Defendants deny the allegations in Paragraph 37 of the Complaint.

38.

Defendants deny the allegations in Paragraph 38 of the Complaint.

39.

Defendants deny the allegations in Paragraph 39 of the Complaint.

## PRAYER FOR RELIEF

Answering the unnumbered Prayer for Relief Paragraph which immediately follows Paragraph 39 of the Complaint, including subparts (a) through (I), Defendants deny each and every allegation contained therein and further denies that Plaintiff is entitled to any relief whatsoever from Defendants.

40.

Defendants deny each and every allegation of Plaintiff's Complaint not expressly admitted in the preceding paragraphs of this Answer.

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Defendants request that the Court enter an Order dismissing the Complaint in its entirety with prejudice, award Defendants costs and expenses, and award any and all other relief that this Court may deem necessary and proper.

Respectfully submitted,

LEURA G. CANARY
United States Attorney


By: s/James J. DuBois
JAMES J. DUBOIS
Assistant United States Attorney
Georgia Bar No. 231445
United States Attorney's Office
Post Office Box 197
Montgomery, AL 36101-0197
Telephone: (334) 223-7280
Facsimile: (334) 223-7418
E-mail: james.dubois2@usdoj.gov


**OF COUNSEL:**

Mary Ann Sloan, Regional Chief Counsel, Atlanta
Dennis R. Williams, Deputy Regional Chief Counsel
John C. Stoner, Branch Chief
Richard V. Blake, Assistant Regional Counsel
Office of the General Counsel
Social Security Administration
61 Forsyth Street, S. W.
Suite 20T45
Atlanta, Georgia 30303

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff, Juraldine Battle-Hodge.

s/James J. DuBois
Assistant United States Attorney